# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EAST COAST SHIP SUPPLY AND WRIST NORTH AMERICA, | § § § |
| Plaintiffs, | § § |
| v. | §  CIVIL ACTION NO. § ADMIRALTY |
| M/V ANGELES, IMO No. 9399791, her engines, tackle, equipment, furniture, appurtenances, etc., *in rem*, | § § § § |
| Defendant. | § § |

## VERIFIED COMPLAINT

NOW COME, plaintiffs, Wrist North America and East Coast Ship Supply, through undersigned counsel, and file this Verified Complaint against defendant, the M/V ANGELES, IMO No. 9399791, her engines, tackle, equipment, furniture, appurtenances, etc. ("ANGELES") *in rem*, for damages and maritime arrest, and upon information and belief, avers as follows:

### Jurisdiction and Venue

1.

This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Federal Rule of Civil Procedure 9(h).

2.

Venue is proper in this District in accordance with Rule C as the ANGELES is or will be within the physical jurisdiction of this Court during the pendency of this action.

## Parties

3.

At all material times, Wrist North America ("Wrist") was and is a supplier of necessaries to vessels, organized and existing pursuant to the laws of Texas, with its principal place of business in Pasadena, Texas, and was and is an affiliated company of Wrist Ship Supply A/S.

4.

At all material time, East Coast Ship Supply ("East Coast") was and is a supplier of necessaries to vessels, organized and existing pursuant to the laws of New Jersey, with its principal place of business in New Providence, New Jersey, and was and is an affiliated company of Wrist Ship Supply A/S.

5.

At all material times, defendant, the ANGELES, was and is, upon information and belief, a bulk carrier, owned by Angeles Ltd., with a beneficial owners of NCS Holding GmbH & Compagnie KG ("NCS"), managed by Columbia Shipmanagement-GEU ("Columbia"), and who on occasion collectively retained MCTC Marine Ltd. ("MCTC") as their duly authorized agents to procure food, water, beverages, and other provisions for the crew of the ANGELES.

## Unpaid Necessaries Sold and Delivered to the ANGELES by East Coast

6.

On or about November 19, 2019, Columbia, or its duly authorized agents, as Buyer, ordered from East Coast, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit A *in globo*, the description of the necessaries set forth on those invoices (including engine consumables, supplies to clean the fuel tank, emergency fire pump, piping, welding equipment and supplies for emergency fire dampers, clothing, electrical stores, tools, parts, and other supplies and

consumables) are expressly incorporated by reference.

7.

On or about January 14, 2020, Columbia, or its duly authorized agents, as Buyer, ordered from East Coast, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit A *in globo*, the description of the necessaries set forth on those invoices (including engine consumables, tools, parts, and other supplies and consumables) are expressly incorporated by reference.

8.

On or about January 28, 2020, Columbia, or its duly authorized agents, as Buyer, ordered from East Coast, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit A *in globo*, the description of the necessaries set forth on those invoices (including rope, sealants, linens, cleaning equipment and supplies, latrine supplies, cooking equipment and supplies, signal flags, office supplies for the master and officers, fire fighting equipment, signage, electrician consumables, adhesives and sealants, clothing, medicines and medical equipment and supplies, tools, parts, and other supplies and consumables) are expressly incorporated by reference.

9.

On or about January 28, 2020, MCTC, or its duly authorized agents, as Buyer, ordered from East Coast, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit A *in globo*, the description of the necessaries set forth on those invoices (including food and milk and other supplies and consumables) are expressly incorporated by reference.

10.

On or about February 25, 2020, Columbia, or its duly authorized agents, as Buyer, ordered from East Coast, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and identified as Exhibit A *in globo*, the description of the necessaries set forth on those invoices (including high pressure cleaner, an EPIRB unit and other marine safety equipment, tools, parts, and other supplies and consumables) are expressly incorporated by reference.

11.

The foregoing necessaries were pursuant to orders issued by East Coast to Columbia or MCTC, or their duly authorized agents, as set forth above, which expressly provided the delivery of the aforementioned necessaries were "governed by the Sellers General Terms and Conditions of Sale in force at the time of entering into the agreement in question. We encourage you to read and familiarize yourself with the General Terms and Conditions of Sale at http://bit.ly/1Ys&LeN" or words of similar meaning and including the foregoing Internet address.

12.

Each of the East Coast invoices also contained the following provision:

> Any and all quotes, offers, agreements, and deliveries of provisions, stores and/or any other goods or services of any kind by Seller are governed by the Sellers General Terms and Conditions of Sale in force at the time of entering into the agreement in question. We encourage you to read and familiarize yourself with the General Terms and Conditions of Sale at http://bit.ly/1Ys&LeN.

(See Exh. A.)

13.

Accordingly, the General Terms and Conditions of Sale ("GTCs") were expressly incorporated by reference in the agreements to supply the ANGELES with necessaries in Wilmington, Delaware. See *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 268 (5th Cir. 2011).

14.

Article K.3 of the GTCs provided in relevant part, as follows:

> [East Coast] shall … have the right to proceed against the Buyer and / or any third party and / or the Vessel in such jurisdiction as the Seller shall in its sole discretion sees and deems fit, inter alia for the purpose of securing payment of any amount due Seller from the Buyer. In such circumstances, the proceedings shall be governed by the General Maritime Law of the United States of America with respect to the existence of a maritime lien (regardless of the country in which the Seller takes legal action) and in all other respects by the laws (substantive and procedural) of the jurisdiction so chosen by the Seller.

(Exh. B, GTCs, p. 3, art. K.3.)

15.

The East Coast invoices attached as Exhibit A were not paid by their respective due dates, thereby giving rise to a maritime lien, under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31431 *et seq.*, against the ANGELES.

16.

Moreover, because all of the foregoing necessaries were supplied by East Coast in the territorial waters of the State of Delaware, they qualify as a maritime lien for necessaries provided in the United States for purposes of 46 U.S.C. § 31326(b)(2).

17.

After deduction of certain credit notes issued with respect to certain of the East Coast invoices the total principal amount presently owed to East Coast totals $38,724.06.

**Unpaid Necessaries Sold and Delivered to the ANGELES by Wrist**

18.

On or about January 29, 2020, MCTC, or its duly authorized agents, as Buyer, ordered from Wrist, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit C *in globo*, the description of the necessaries set forth on those invoices (including food) are expressly incorporated by reference.

19.

On or about February 24, 2020, MCTC, or its duly authorized agents, as Buyer, ordered from Wrist, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit C *in globo*, the description of the necessaries set forth on those invoices (including food, beverages, and other supplies and consumables) are expressly incorporated by reference.

20.

The foregoing necessaries were pursuant to orders issued by Wrist to MCTC, or its duly authorized agent, as set forth above, which expressly provided the delivery of the aforementioned necessaries were "governed by the Sellers General Terms and Conditions of Sale in force at the time of entering into the agreement in question. We encourage you to read and familiarize yourself with the General Terms and Conditions of Sale at http://bit.ly/1Ys&LeN" or words of similar meaning and including the foregoing Internet address.

21.

Each of the Wrist invoices also contained the following provision:

> Any and all quotes, offers, agreements, and deliveries of provisions, stores and/or any other goods or services of any kind by Seller are governed by the Sellers General Terms and Conditions of Sale in force at the time of entering into the agreement in question. We encourage you to read and familiarize yourself with the General Terms and Conditions of Sale at http://bit.ly/1Ys&LeN.

(See Exh. C.)

22.

Accordingly, the GTCs were expressly incorporated by reference in the agreements to supply the ANGELES with necessaries in Wilmington, Delaware. See *One Beacon*, *supra*.

23.

Article K.3 of the GTCs provided in relevant part, as follows:

> [Wrist] shall … have the right to proceed against the Buyer and / or any third party and / or the Vessel in such jurisdiction as the Seller shall in its sole discretion sees and deems fit, inter alia for the purpose of securing payment of any amount due Seller from the Buyer. In such circumstances, the proceedings shall be governed by the General Maritime Law of the United States of America with respect to the existence of a maritime lien (regardless of the country in which the Seller takes legal action) and in all other respects by the laws (substantive and procedural) of the jurisdiction so chosen by the Seller.

(Exh. B, GTCs, p. 3, art. K.3.)

24.

The Wrist invoices attached as Exhibit C were not paid by their respective due dates, thereby giving rise to a maritime lien, under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31431 *et seq*., against the ANGELES.

25.

Moreover, because all of the foregoing necessaries were supplied by Wrist in the territorial waters of the State of Delaware, they qualify as a maritime lien for necessaries provided in the United States for purposes of 46 U.S.C. § 31326(b)(2).

26.

After deduction of certain credit notes issued with respect to certain of the Wrist invoices the total principal amount presently owed to Wrist totals $12,608.11.

### Unpaid Necessaries Sold and Delivered to the ANGELES by East Coast which for Which Immediate Payment is Due During the Pendency of this Suit

27.

On or about March 10, 2020, Columbia, or its duly authorized agents, as Buyer, ordered from East Coast, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit D *in globo*, the description of the necessaries set forth on those invoices (including propane torch equipment, safety clothing and equipment, tools, parts, and other supplies and consumables) are expressly incorporated by reference.

28.

On or about March 24, 2020, Columbia, or its duly authorized agents, as Buyer, ordered from East Coast, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit D *in globo*, the description of the necessaries set forth on those invoices (including a Kestrel environmental meter, parts, and other supplies and consumables) are expressly incorporated by reference.

29.

On or about April 8, 2020, Columbia, or its duly authorized agents, as Buyer, ordered from East Coast, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit D *in globo*, the description of the necessaries set forth on those invoices (including welding equipment and supplies, linens, latrine cleaning supplies and consumables, cooking equipment, utensils, and supplies, electrician consumables, tools, parts, and other supplies and consumables) are expressly incorporated by reference.

30.

On or about April 22, 2020, Columbia, or its duly authorized agents, as Buyer, ordered from East Coast, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit D *in globo*, the description of the necessaries set forth on those invoices (including latrine cleaning supplies and consumables, electrician consumables, tools, parts, and other supplies and consumables) are expressly incorporated by reference.

31.

The foregoing necessaries were pursuant to orders issued by East Coast to Columbia, or its duly authorized agent, as set forth above, which expressly provided the delivery of the aforementioned necessaries were "governed by the Sellers General Terms and Conditions of Sale in force at the time of entering into the agreement in question. We encourage you to read and familiarize yourself with the General Terms and Conditions of Sale at http://bit.ly/1Ys&LeN" or words of similar meaning and including the foregoing Internet address.

32.

Each of the East Coast invoices also contained the following provision:

> Any and all quotes, offers, agreements, and deliveries of provisions, stores and/or any other goods or services of any kind by Seller are governed by the Sellers General Terms and Conditions of Sale in force at the time of entering into the agreement in question. We encourage you to read and familiarize yourself with the General Terms and Conditions of Sale at http://bit.ly/1Ys&LeN.

(See Exh. D.)

33.

Accordingly, the GTCs were expressly incorporated by reference in the agreements to supply the ANGELES with necessaries in Wilmington, Delaware. See *One Beacon*, *supra*.

34.

Article K.3 of the GTCs provided in relevant part, as follows:

> [East Coast] shall … have the right to proceed against the Buyer and / or any third party and / or the Vessel in such jurisdiction as the Seller shall in its sole discretion sees and deems fit, inter alia for the purpose of securing payment of any amount due Seller from the Buyer. In such circumstances, the proceedings shall be governed by the General Maritime Law of the United States of America with respect to the existence of a maritime lien (regardless of the country in which the Seller takes legal action) and in all other respects by the laws (substantive and procedural) of the jurisdiction so chosen by the Seller.

(Exh. B, GTCs, p. 3, art. K.3.)

35.

Articles H.8 and H.9 of the GTCs provided in relevant part, as follows:

> Notwithstanding any agreement to the contrary, any and all amounts due to [East Coast] will be due and payable immediately in case of … other situations of the Buyer which affect [East Coast's] rights generally or which in the sole opinion of [East Coast] adversely affects the financial position of Buyer.

> [East Coast] shall at all times be entitled to require that the Buyer provides security for the proper performance of its payment obligations to [East Coast] in such manner as shall be deemed sufficient by [East Coast].

(Exh. B, GTCs, p. 2, arts. H.8 & H.9.)

36.

Based upon the non-payment of the East Coast invoices attached *in globo* as Exhibit A, East Coast demands immediate payment in full of the East Coast invoices attached *in globo* as Exhibit D, and that the failure to immediately pay, gives rise to a maritime lien against the ANGELES *in rem* and for which East Coast requires sufficient and acceptable security from the ANGELES.

37.

The East Coast invoices attached as Exhibit D were not paid by their respective due dates, thereby giving rise to a maritime lien, under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31431 *et seq*., against the ANGELES.

38.

Moreover, because all of the foregoing necessaries were supplied by East Coast in the territorial waters of the State of Delaware, they qualify as a maritime lien for necessaries provided in the United States for purposes of 46 U.S.C. § 31326(b)(2).

39.

After deduction of certain credit notes issued with respect to certain of the East Coast invoices attached as Exhibit D the total principal amount presently owed on those invoices to East Coast totals $13,138.86.

40.

Alternatively, in the event the Court will not enforce Articles H.8 and H.9 with respect to the ANGELES, East Coast maintains that said invoices will not be paid within their respective periods of credit, and therefore during the pendency of this suit, will give rise to enforceable

maritime liens against the ANGELES for which East Coast is entitled to have security at the present time.

**Unpaid Necessaries Sold and Delivered to the ANGELES by Wrist
which for Which Immediate Payment is Due During the Pendency of this Suit**

41.

On or about March 10, 2020, MCTC, or its duly authorized agents, as Buyer, ordered from Wrist, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit E *in globo*, the description of the necessaries set forth on those invoices (including eggs) are expressly incorporated by reference.

42.

On or about March 24, 2020, MCTC, or its duly authorized agents, as Buyer, ordered from Wrist, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit E *in globo*, the description of the necessaries set forth on those invoices (including food, milk, and other consumables) are expressly incorporated by reference.

43.

On or about April 22, 2020, MCTC, or its duly authorized agents, as Buyer, ordered from Wrist, as Seller, necessaries to be delivered to the ANGELES near Wilmington, Delaware, as more fully set forth in the invoices attached hereto and included in Exhibit E *in globo*, the description of the necessaries set forth on those invoices (including food, beverages, and other consumables) are expressly incorporated by reference.

44.

The foregoing necessaries were pursuant to orders issued by Wrist to MCTC, or its duly authorized agent, as set forth above, which expressly provided the delivery of the aforementioned necessaries were "governed by the Sellers General Terms and Conditions of Sale in force at the time of entering into the agreement in question. We encourage you to read and familiarize yourself with the General Terms and Conditions of Sale at http://bit.ly/1Ys&LeN" or words of similar meaning and including the foregoing Internet address.

45.

Each of the Wrist invoices also contained the following provision:

> Any and all quotes, offers, agreements, and deliveries of provisions, stores and/or any other goods or services of any kind by Seller are governed by the Sellers General Terms and Conditions of Sale in force at the time of entering into the agreement in question. We encourage you to read and familiarize yourself with the General Terms and Conditions of Sale at http://bit.ly/1Ys&LeN.

(See Exh. E.)

46.

Accordingly, the GTCs were expressly incorporated by reference in the agreements to supply the ANGELES with necessaries in Wilmington, Delaware. See *One Beacon*, *supra*.

47.

Article K.3 of the GTCs provided in relevant part, as follows:

> [Wrist] shall … have the right to proceed against the Buyer and / or any third party and / or the Vessel in such jurisdiction as the Seller shall in its sole discretion sees and deems fit, inter alia for the purpose of securing payment of any amount due Seller from the Buyer. In such circumstances, the proceedings shall be governed by the General Maritime Law of the United States of America with respect to the existence of a maritime lien (regardless of the country in which the Seller takes legal action) and in all other respects by the laws (substantive and procedural) of the jurisdiction so chosen by the Seller.

(Exh. B, GTCs, p. 3, art. K.3.)

48.

Articles H.8 and H.9 of the GTCs provided in relevant part, as follows:

> Notwithstanding any agreement to the contrary, any and all amounts due to [Wrist] will be due and payable immediately in case of … other situations of the Buyer which affect [Wrist's] rights generally or which in the sole opinion of [Wrist] adversely affects the financial position of Buyer.
>
> [Wrist] shall at all times be entitled to require that the Buyer provides security for the proper performance of its payment obligations to [Wrist] in such manner as shall be deemed sufficient by [Wrist].

(Exh. B, GTCs, p. 2, arts. H.8 & H.9.)

49.

Based upon the non-payment of the Wrist invoices attached *in globo* as Exhibit C, Wrist demands immediate payment in full of the Wrist invoices attached *in globo* as Exhibit E, and that the failure to immediately pay, gives rise to a maritime lien against the ANGELES *in rem* and for which Wrist requires sufficient and acceptable security from the ANGELES.

50.

The Wrist invoices attached as Exhibit E were not paid by their respective due dates, thereby giving rise to a maritime lien, under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31431 *et seq.*, against the ANGELES.

51.

Moreover, because all of the foregoing necessaries were supplied by Wrist in the territorial waters of the State of Delaware, they qualify as a maritime lien for necessaries provided in the United States for purposes of 46 U.S.C. § 31326(b)(2).

52.

After deduction of certain credit notes issued with respect to certain of the Wrist invoices attached as Exhibit E the total principal amount presently owed on those invoices to East Coast totals $9,070.80.

53.

Alternatively, in the event the Court will not enforce Articles H.8 and H.9 with respect to the ANGELES, Wrist maintains that said invoices will not be paid within their respective periods of credit, and therefore during the pendency of this suit, will give rise to enforceable maritime liens against the ANGELES for which Wrist is entitled to have security at the present time.

**Interest and Attorneys Fees**

54.

Pursuant to GTCs, Article H.5, East Coast and Wrist are each entitled to recover contractual interest of three (2%) percent per month on the foregoing unpaid invoiced amount until paid. (Exh. B, GTCs, p. 2, art. H.5.)

55.

Pursuant to GTCs, Article H.6, all costs borne by East Coast and Wrist in connection with the collection of overdue payments, including attorney's fees and court costs shall be indemnified by Buyer. (*Id.*, art. H.6.) Accordingly, East Coast and Wrist are additionally entitled to recover for all attorney's fees and costs incurred by them resulting from their efforts to collect payment on the invoices attached as Exhibits A, C, D and E, including attorney's fees and costs associated with this civil action, and pursuant to the GTCs, the ANGELES, NCS, Columbia and MCTC, remain jointly and severally liable for all amounts due and owing to East Coast and Wrist.

56.

As of the date of this filing, East Coast and Wrist are owed the following amounts for unpaid necessaries delivered to the ANGELES:

| | |
|---|---:|
| A. East Coast invoices (Exhibit A) | $38,724.06 |
| B. Wrist invoices (Exhibit C) | $12,608.11 |
| C. East Coast invoices (Exhibit C) | $13,138.86 |
| D. Wrist Invoices (Exhibit D) | $9,070.80 |
| E. Accrued and Estimated Interest to Accrue | $25,000.00 |
| F. Accrued and Anticipated Attorneys' Fees, Court Costs, and Other Recoverable Expenses | $40,000.00 |
| **TOTAL** | **$138,541.83** |

**Request for Arrest of the ANGELES**
**Pursuant to Supplemental Admiralty Rule C**

57.

Upon information and belief, the ANGELES is or will be within this District during the pendency of this admiralty and maritime claim to recover for necessaries provided by East Coast and Wrist to the ANGELES.

58.

Pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, East Coast and Wrist are entitled to arrest the ANGELES to satisfy their claims, including but not limited to pre-judgment interest, costs, expenses, and attorneys' fees as alleged with more specificity *supra*.

59.

East Coast and Wrist agree to release and hold harmless and indemnify the United States

of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest and attachment of the aforesaid ANGELES.

All and singular the foregoing premises are true and correct within the admiralty jurisdiction of this Honorable Court.

**WHEREFORE**, plaintiffs East Coast and Wrist pray:

1. That this Verified Complaint be deemed good and sufficient;

2. That process in due form of law, according to the rules and practices of this Honorable Court, issue against the M/V ANGELES, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, by way of arrest pursuant to Supplemental Admiralty Rule C, and that all persons claiming interest in said vessel be required to appear and to answer under oath, all and singular the matters aforesaid;

3. That after due proceedings are had, there be judgment entered in favor of plaintiffs, East Coast Ship Supply and Wrist North America, and against defendant, the ANGELES, her engines, tackle, apparel, furniture, equipment, and all other necessaries, *in rem*, requiring defendant to pay damages to plaintiff in the amount of **$138,541.83** for necessaries delivered to the ANGELES, and all other damages as may be proven at trial, with prejudgment interest, attorney's fees, and all costs of these proceedings; and,;

4. That this Court grant East Coast Ship Supply and Wrist North America such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: May 6, 2020 | **GORDON FOURNARIS MAMMARELLA, P.A.** |
| | */s/ William M. Kelleher* |
| | William M. Kelleher, Esq. (DE No. 3961) |
| | Phillip A. Giordano, Esq. (DE No. 5756) |
| | 1925 Lovering Avenue |
| | Wilmington, DE 19806 |
| | Telephone: (302) 652-2900 |
| | Facsimile: (302) 652-2348 |
| | Email: wkelleher@gfmlaw.com |
| | pgiordano@gfmlaw.com |
| | and |
| | **KING & JURGENS, L.L.C.** |
| | James D. Bercaw, Esq. |
| | Robert J. Stefani, Esq. |
| | Laurent J. Demosthenidy, Esq. |
| | (Motions for admission *pro hac vice* to be filed) |
| | 201 St. Charles Avenue, 45th Floor |
| | New Orleans, Louisiana 70170 |
| | Telephone: (504) 582-3800 |
| | Facsimile: (504) 582-1233 |
| | E-Mail: jbercaw@kingjurgens.com |
| | rstefani@kingjurgens.com |
| | LJD@kingjurgens.com |
| | ***Attorneys for East Coast Ship Supply*** |
| | ***and Wrist North America*** |

**PLEASE SERVE:**

**The Master of the M/V ANGELES, IMO No. 9399791**
**And Issue a Warrant for the Arrest of the M/V ANGELES**